UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAGIM BAUDINOVICH ANZOROV,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.: 26-cv-159-RSH-JLB<br><br>**ORDER DIRECTING FURTHER BRIEFING** |

On January 10, 2026, petitioner Ibragim Baudinovich Anzorov, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner alleged that DHS revoked his immigration parole, and re-arrested and detained him, in violation of (1) the Administrative Procedure Act, (2) the due process clause, and (3) the Fourth Amendment. Petitioner did not cite any case, from any jurisdiction, addressing the revocation of immigration parole. The Petition contained no declaration from Petitioner; the only evidence submitted was a document providing notice of Petitioner's change of address in January 2023, which reflected that DHS anticipated his release on January 21, 2023. ECF No. 1-2. The Petition requested Petitioner's immediate release; but also, in the Court's reading, took the position that the question of Petitioner's release or detention was governed by 8 U.S.C. § 1226(a), and asked

1

1   for a declaration that "Petitioner's detention without an individualized determination
2   violates the Due Process Clause of the Fifth Amendment and the Administrative
3   Procedures Act." ECF No. 1 ¶ 65 & p. 19.

4       On January 23, 2026, Respondents filed a return acknowledging, in light of
5   developments in a case in the U.S. District Court for the Central District of California, that
6   "Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court
7   directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 4 at 2.

8       Later the same day, the Court entered an order. ECF No. 5. Rather than denying or
9   dismissing the legally and factually unsupported Petition, in light of Respondents' return
10  the Court directed Respondents to arrange a bond hearing for Petitioner with seven days.
11  *Id.* The order further stated, "[t]o the extent Petitioner seeks further relief, he shall file a
12  supplemental brief promptly after receiving the bond hearing, or promptly after the seven
13  days provided herein has lapsed without a hearing. Such supplemental brief shall
14  specifically address the legal and factual basis for each further form of relief sought." *Id.*
15  at 2. Still later the same day, Petitioner filed a traverse. ECF No. 6.

16      On February 7, 2026, Petitioner filed a supplemental brief. ECF No. 7. The brief
17  reported that a bond hearing had taken place but that bond was denied. *Id.* at 2–3. Petitioner
18  takes issue with the reasons given by the immigration judge for denying bond, but makes
19  clear to the Court that he was not, and is not, requesting a bond hearing from this Court.
20  *Id.* at 1–2. The supplemental brief again requests Petitioner's immediate release. *Id.* at 7.
21  Neither the supplemental brief, nor the traverse, submit evidence in any form, or cite any
22  case from any jurisdiction addressing the revocation of immigration parole.

23      A detainee bears the burden of demonstrating that "[h]e is in custody in violation of
24  the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The
25  Court will provide Petitioner a further opportunity to satisfy this burden.

26      Accordingly, no later than **February 23, 2026**, Petitioner may file a further
27  supplemental brief or an amended petition. Such filing shall specifically address the legal
28  and factual basis for each theory of relief advanced by Petitioner, and must be appropriately

supported by authority and evidence. Respondents' response shall be due ***within two weeks*** of the filing of Petitioner's further brief. In the event Petitioner is released from custody on a bond determination, or in the event of other changed factual circumstances, the Parties shall promptly advise the Court through a filing.

**IT IS SO ORDERED**.

Dated: February 9, 2026

Hon. Robert S. Huie
United States District Judge