UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAGIM BAUDINOVICH ANZOROV,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.: 26-cv-159-RSH-JLB<br><br>**ORDER DIRECTING RELEASE OF PETITIONER** |

On January 10, 2026, petitioner Ibragim Baudinovich Anzorov filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. After receiving briefing from the Parties, on January 23, 2026, the Court granted the Petition. ECF No. 5. The Court's order concluded as follows:

> Respondents are directed to arrange a bond hearing for petitioner Ibragim Baudinovich Anzorov before an immigration court pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this order as described above. To the extent Petitioner seeks further relief, he shall file a supplemental brief promptly after receiving the bond hearing, or promptly after the seven days provided herein has lapsed without a hearing. Such supplemental brief shall specifically address the legal and factual basis for each further form of relief sought.

*Id.* at 1-2.

On February 7, 2026, Petitioner made a supplemental filing. ECF No. 7. Petitioner stated that a bond hearing had taken place but that bond was denied. *Id.* at 2–3. Petitioner further stated that the Court had misconstrued the Petition as requesting a bond hearing, and that Petitioner was and is requesting his release. *Id.* at 2.

On February 9, 2026, the Court invited further briefing and evidence from the Parties. ECF No. 8. The Parties thereafter filed supplemental briefs. ECF Nos. 9, 10.

Among the claims presented in Petitioner's supplemental brief is the claim that, to the extent Petitioner's arrest on November 5, 2025, was intended to constitute a revocation of his humanitarian parole, Respondents failed to comply with the procedural requirements imposed by the applicable federal regulation, 8 C.F.R. § 212.5(e)(2)(i). *See* ECF No. 9 at 17. That regulation provides as follows:

> (e) Termination of parole—
>
> (1) Automatic. Parole shall be automatically terminated without written notice (i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.
>
> (2)(i) On notice. In cases not covered by paragraph (e)(1) of this section, *upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice* to the alien and he or she shall be restored to the status that he or she had at the time of parole. When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. If the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless in the opinion of the official listed in paragraph (a) of this section the public interest requires that the alien be continued in

custody.

8 C.F.R. § 212.5(e) (emphasis added). Petitioner's supplemental brief argues that the conditions for revocation of his humanitarian parole were not met here, and that in any case, he received no written notification of a revocation. ECF No. 9 at 17-18. Although the original Petition had included a citation to this regulation, ECF No. 1 ¶ 36, the Court did not read the original Petition as presenting this argument, and Respondents' initial return did not address it either.

Petitioner's supplemental brief is supported by a declaration from Petitioner describing the circumstances of his arrest, and stating that at that time he was given no notice or explanation, written or otherwise, for his arrest or detention. ECF No. 9-1 at 3-4.

On March 6, 2026, Respondents timely filed a supplemental brief. ECF No. 10. Respondents' supplemental brief does not dispute the facts put forward by Petitioner, or contend that Petitioner's humanitarian parole was revoked in compliance with federal regulations; instead, Respondents candidly state as follows:

> Respondents are aware that this Court has ordered the release of a noncitizen in a similar position to the Petitioner (i.e., an individual initially detained by Immigration officials, released on parole, and then later re-detained after a passage of time). *See Delfin-Ricardo v. Noem*, No. 26-cv-136-RSH-BJW, 2026 WL 353357 (S.D. Cal. Feb. 9, 2026) (concluding the re-detention of a petitioner who was previously released by Immigration Officials was without adequate notice).
>
> Respondents respectfully have no further argument to present in response to Petitioner's supplemental briefing.

*Id.* at 2. Respondents' supplemental brief also reminds Petitioner that, if he is released and fails to appear for his next hearing in immigration court, he is subject to a denial of his pending applications for relief *in absentia*. *Id.*

Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have determined, in cases where DHS

1  fails to follow its own regulations in revoking humanitarian parole, that the resulting
2  detention is unlawful and the petitioner's release should be ordered. *See Y-Z-L-H v.*
3  *Bostock*, 792 F. Supp. 3d 1123, 1145-46 (D. Or. 2025); *Noori v. LaRose*, 807 F. Supp. 3d
4  1146, 1167-68 (S.D. Cal. Oct. 1, 2025); *Salazar v. Casey*, No. 25-CV-2784 JLS (VET),
5  2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025). This Court reaches the same result.

6  For the foregoing reasons, the Petition is **GRANTED**. Respondents are ordered to
7  release petitioner Ibragim Baudinovich Anzorov from custody ***within one (1) day of the***
8  ***date of this order***, on the same conditions previously imposed or on such other conditions
9  as may be warranted for release on recognizance. The Court declines to enjoin Respondents
10 from enrolling Petitioner in the Alternatives to Detention Program as requested by
11 Petitioner, as Petitioner has not established that he is entitled to such relief.

12 **IT IS SO ORDERED**.

13 Dated: March 9, 2026

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge